**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|                              |   |                              |
|------------------------------|---|------------------------------|
| JEROME LAMAR YOUNG,          | : | Civ. Action No. 17-3039 (NLH) |
| Petitioner,                  | : |                              |
| v.                           | : | MEMORANDUM                   |
| THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, | : |  |
| Respondent.                  | : |                              |

1. Petitioner filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, in which he sought to challenge the calculation of his jail time credits to his sentences arising from 2016 municipal court charges to which he pled guilty.[1] See ECF No. 1. The Court administratively terminated his § 2254 petition because Petitioner was released from custody and failed to comply with Local Civil Rule 10.1(a). See ECF No. 7.

2. Petitioner advised the Court by letter dated January 28, 2018, that Petitioner obtained relief regarding the proper application of his time credits. See ECF No. 10.

---

[1] Petitioner also filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, in which he appeared to also challenge the calculation of his sentence as it relates to the application of jail, comp, and work time credits. See No. 17-cv-11644, ECF No. 1.

3.   Petitioner also provided his new address in the letter.

4.   A review of the New Jersey Department of Corrections' Offender Search webpage confirmed that Petitioner has been released from state custody.

5.   Because Petitioner is no longer in custody, it appeared to the Court that his § 2254 petition should be dismissed as moot for failure to present a case or controversy for which this Court could provide relief.  See, e.g., Spencer v. Kemna, 523 U.S. 1, 18 (1998) (affirming dismissal of § 2254 petition as moot).

6.   On March 6, 2018, the Court issued an order to show cause within fourteen (14) days why the Petition should not be dismissed as moot because the Petitioner had obtained in state court the relief he was seeking in this action.  See ECF No. 11.

7.   The Petitioner has failed to show cause or respond in any matter to that Order.

8.   As such, the Court will dismiss this Petition pursuant to § 2254 as moot.


Dated: April 3, 2018                s/ Noel L. Hillman
At Camden, New Jersey               NOEL L. HILLMAN, U.S.D.J.

2